**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4574**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ANDRE JERYANN JONES,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:06-cr-00117-FDW-1)

─────────────

Submitted: January 27, 2014      Decided: February 12, 2014

─────────────

Before KING and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Henderson Hill, Director, Elizabeth A. Blackwood, Ann Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Jeryann Jones pled guilty in 2006 to being a felon in possession of a firearm and was sentenced to seventy months' imprisonment. He began his term of supervised release on April 12, 2012. In May 2013, Jones' probation officer filed a petition to revoke his supervised release, alleging three violations. At the hearing, Jones admitted to one of the violations — testing positive for marijuana, a Grade C violation. The district court revoked Jones' supervised release.

With a criminal history category of VI, Jones' Policy Statement range was eight to fourteen months' imprisonment. See U.S. Sentencing Guidelines Manual (USSG) § 7B1.4(a) (2012). The statutory maximum was twenty-four months' imprisonment. See 18 U.S.C. § 3583(e)(3) (2012). The court imposed a ten-month term, followed by twenty-four months of supervised release. Jones noted a timely appeal. Jones' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but questioning whether Jones' sentence is plainly unreasonable. Although advised of his right to file a supplemental pro se brief, Jones has not done so.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United

2

States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439–40 (4th Cir. 2006). Before determining whether the sentence is "plainly unreasonable" we must decide whether it is unreasonable. Id. at 438. In doing so, the court "follow[s] generally the procedural and substantive considerations" used in reviewing original sentences. Id.

A sentence or revocation is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors, Crudup, 461 F.3d at 440, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, after considering the above, the appeals court decides that the sentence is not unreasonable, it should affirm. Id. at 439. In this initial inquiry, the court takes a more deferential posture concerning issues of fact and the exercise of discretion than it does applying the reasonableness review to post-conviction

3

Guidelines sentences. <u>United States v. Moulden</u>, 478 F.3d 652, 656 (4th Cir. 2007). Only if this court finds the sentence unreasonable must the court decide whether it is "plainly" so. <u>Id.</u> at 657.

We find that Jones' sentence is not unreasonable. A review of the record establishes that the district court considered the advisory Policy Statement range and took into account specific § 3553(a) factors (e.g., need for deterrence, nature and circumstances of the offense, and history and characteristics of the defendant) in determining the proper sentence. Accordingly, we conclude that Jones' ten-month revocation sentence was not unreasonable, nor was it plainly so.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation of Jones' supervised release and his sentence. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED